632 A.2d 871

COMMONWEALTH of Pennsylvania, Appellee,

v.

Kevin STANLEY, Appellant.

Supreme Court of Pennsylvania.

Submitted March 8, 1993.

Decided Nov. 8, 1993.

Lester G. Nauhaus, Public Defender, Shelley Stark, Chief–Appellate Div., Mitchell A. Kaufman, Appellate Counsel, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, James R. Gilmore, Asst. Dist. Attys., Pittsburgh, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

*OPINION*

MONTEMURO, Justice.

This is an appeal by allowance from an order denying appellant's petition for post conviction relief without a hearing.

In January of 1986, appellant, Kevin Stanley, was found guilty by a jury of robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii), in connection with an armed intrusion into the apartment of a nurse who was threatened with death, and robbed of $26.00. The sentence imposed was five to ten years imprisonment. On appeal, appellant's conviction was confirmed by the Superior Court, and this court declined to permit further review.

In February of 1990, appellant petitioned pro se for post conviction relief, and counsel was appointed. An amended prayer for relief was dismissed without hearing the following December, on the basis that the trial court had found it to present no genuine issues concerning any material fact, and because appellant was not entitled to collateral relief or any further proceedings in the matter. The Superior Court affirmed, 415 Pa.Super. 660, 601 A.2d 373, and this Court granted allocatur.

The sole basis for this appeal is appellant's assertion that the trial court erred in refusing to grant a hearing on whether appellant's counsel was ineffective for having failed to call two witnesses pursuant to his pretrial alibi notice. In order to find ineffectiveness, it must be demonstrated that the underlying claim is of arguable merit, and that counsel's act of omission or Commission had no reasonable basis directed at effectuating his client's interests. Counsel's action or inaction must also have resulted in prejudice. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

This court has held that "where it is clear that allegations of ineffectiveness are baseless or meritless then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed." *Commonwealth v. Clemmons,* 505 Pa. 356, 361, 479 A.2d 955, 957 (1984). To avoid such a result, "counsel must set forth an offer to prove at an appro-

priate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). However, "[t]he controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition." *Commonwealth v. Weddington,* 514 Pa. 46, 50, 522 A.2d 1050, 1052 (1987).

■ The Superior Court in *Commonwealth v. Petras,* 368 Pa.Super. 372, 534 A.2d 483 (1987), has properly assessed the elements determinative of a claim of ineffectiveness for failure to interview and/or present a witness. The existence and availability of the witness must be shown, as well as counsel's actual awareness of, or duty to know of the witness; the witness' willingness and ability to cooperate and appear on the defendant's behalf; and the necessity for the proposed testimony in order to avoid prejudice. *Id.* at 377, 534 A.2d at 485.

■ Here counsel was clearly aware of these witnesses, whose existence and proposed testimony are presented in appellant's notice of alibi. This notice, which constituted the full extent of the record before the PCRA court reads as follows:

That the defendant intends to call the following witnesses who will testify that they were with the defendant on or about the time that the robbery was to have occurred on February 1, 1985:

a. Irvin Moore, 1403 North Mertland Avenue, Homewood, Pennsylvania; phone 363–4849; Mr. Moore will testify that on the evening in question he purchased an automobile from the defendant;

b. Lee Douglas, Notary Public, 4903 Baum Boulevard, Pittsburgh, Pennsylvania, 15213; phone 681–5867; Lee Douglas will testify that on the evening in question, the defendant appeared before him to have the car title transfer notarized by Mr. Douglas.

Although there was no offer made in appellant's post conviction relief petition to prove that these witnesses were willing or able to appear on his behalf, the record reveals that the

witnesses were subpoenaed, and, according to appellant, were present at trial. It is inconceivable that counsel, having filed the notice of alibi, was unaware of whether the witnesses could or would cooperate, otherwise no notice should have been forthcoming. Moreover, appellant's defense was based on misidentification, a theory which would have been substantially reinforced by presentation of an alibi. Under such circumstances, counsel's failure to call these witnesses is incomprehensible.

In view of the mystery surrounding counsel's actions, a hearing should have been held, since where there is any substantive question concerning the merits of a collateral claim, the trial court should receive evidence on the matter. *Commonwealth v. Clemmons, supra; Commonwealth v. Turner,* 469 Pa. 319, 365 A.2d 847 (1977). We therefore reverse the order of the Superior Court, and remand for proceedings consistent with this Opinion.

Reversed and Remanded.

PAPADAKOS, J., concurs in the result.