**Commonwealth v. Galvin**

*Iva C. Dougherty, assistant district attorney,* for the Commonwealth.

*Allan Sodomsky,* for defendant.

SCHAEFFER, *P.J.,* August 2, 1994—The Commonwealth appeals from the March 24, 1994 order of this court granting the motion for a new trial of the defendant, Bryan S. Galvin. The sole issue on appeal is whether the court properly granted a new trial because the defendant's trial counsel was ineffective for failing to interview a potential witness.

The defendant was tried in a jury trial held March 9-12, 1992. The jury found the defendant guilty of the following:

Count III—Voluntary Manslaughter[1]

Count V—Aggravated Assault[2]

Count VI—Aggravated Assault[3]

Count VII—Possessing Instruments of Crime[4]

On March 19, 1992, the defendant's trial counsel, Harry Jackson, Esquire, moved to arrest judgment and for a new trial on the grounds the verdict was against the weight of the evidence and contrary to law. On April 8, 1992, the defendant filed a pro se petition raising the ineffectiveness of his trial counsel, Harry Jackson, Esquire, for, inter alia, failing to interview his sister, Sue Galvin. On that same date the defendant also filed a motion to appoint new counsel. On April 13, 1992, the defendant's attorney filed a petition to

---

1. 18 Pa.C.S. §2503.
2. 18 Pa.C.S. §2702(a)(1).
3. 18 Pa.C.S. §2702(a)(4).
4. 18 Pa.C.S. §907(a).

withdraw as counsel. On April 20, 1992, the court allowed Harry Jackson, Esquire, to withdraw and ordered the chief public defender to enter his appearance or to cause one of his assistants to enter their appearance.

Thereafter, Assistant Public Defender, Gary S. Fronheiser, Esquire, entered his appearance as counsel for the defendant. On May 26, 1992, the court gave Gary Fronheiser, Esquire, 90 days from the date of the receipt of the transcripts to file an amended motion for a new trial.[5]

On December 30, 1992, the defendant filed a pro se motion to dismiss present counsel and appoint new counsel outside the public defender's office. On January 7, 1993, the court granted the motion and appointed Allan L. Sodomsky, Esquire. The court ordered the parties to file briefs relating to the motion for arrest of judgment and/or new trial which the parties then filed. The court held a hearing on the motion on March 21, 1994. The only issue presented at the hearing was whether the defendant's trial counsel was ineffective in failing to interview and call the defendant's sister, Sue Galvin, as a witness at trial. The court agreed that the defendant's trial counsel was ineffective for failing to interview Sue Galvin as a witness and awarded the defendant a new trial.

The charges in the case at bar arose out of a fight between the defendant, Bryan Sean Galvin, and the victim, Todd Heck, which occurred at the apartment

---

5. Mr. Fronheiser never actually filed an amended motion for a new trial. This was apparently because the court allowed him to withdraw as counsel on January 7, 1993 before the 90 day period after his receipt of the transcripts had run.

of Norlina Heck,[6] the victim's sister and defendant's girlfriend. The evidence presented at trial established that the victim had a meat fork and that the defendant had a knife during the altercation. The Commonwealth conceded that the victim was the initial aggressor. (N.T. 3/9/92, at 73.) Only the defendant and the victim were present during the fight. The victim was already dead by the time the paramedics arrived, consequently he was not able to give a statement concerning the fight. The defendant did not take the stand at trial. He contends, however, that the victim had a knife, in addition to the meat fork. The police recovered the meat fork but never recovered the knife which the victim allegedly had.

At the hearing on the defendant's post-trial motions on August 20, 1993, the defendant presented testimony that Sue Galvin would have testified that she found the knife held by the victim had she been called as a witness at trial. The defendant contends that his counsel was ineffective for failing to interview her as a witness.

The defendant has the burden of proving ineffective assistance of counsel. *Commonwealth v. Petras,* 368 Pa. Super. 372, 534 A.2d 483 (1987). The defendant must show that[7] (i) the underlying claim has arguable

---

6. At the time of the altercation the defendant had been living at Norlina Heck's apartment for about a week and a half. (N.T. 3/10/92, at 137.)

7. The court notes that the defendant meets the requirements for eligibility for relief under the Post Conviction Relief Act, 42 Pa.C.S. §9541, et seq. The defendant was convicted of the crimes listed above and is currently imprisoned. 42 Pa.C.S. §9543(a)(1)(i). The court finds that the conviction resulted from the ineffective assistance of counsel which so undermined the truth determining process that

merit, (ii) the omission of trial counsel had no reasonable basis designed to effectuate the client's interest, and (iii) the omission prejudiced the defendant. *Commonwealth v. Stanley,* 534 Pa. 297, 299, 632 A.2d 871, 872 (1993).

Where the claim of ineffectiveness is failure to interview or call a witness, the defendant must demonstrate: (i) the existence and availability of the witness; (ii) trial counsel's actual awareness or duty to know of the witness; (iii) that the witness is willing and able to cooperate and appear on the defendant's behalf; and (iv) that the testimony is necessary to avoid prejudice to the defendant. *Id.* at 300, 632 A.2d at 872.

The court finds that the defendant has met all of the above requirements. Sue Galvin appeared as a witness during the post-trial hearing and testified that she had been available and, in fact, been in the courtroom during her brother's trial. (N.T. 8/20/93, at 33.) The defendant also testified that Sue Galvin would have testified if Mr. Jackson had called her. (N.T. 8/20/93, at 7.) Thus, the defendant has demonstrated that Sue Galvin existed and was available as a witness.

The defendant also established that trial counsel was aware of Sue Galvin. The defendant told his counsel on at least one occasion prior to trial that his sister,

---

no reliable adjudication of guilt or innocence could have occurred because the testimony of Sue Galvin was critical to the issue of whether the defendant acted in self-defense. 42 Pa.C.S. §9543(a)(2)(ii). The error has not been previously litigated and has not been waived, since this is the first opportunity the defendant has had to raise the issue of his trial counsel's ineffectiveness. 42 Pa.C.S. §9543(a)(3)(i). Finally, the failure to litigate the issue was not the result of any strategic decision or tactic of counsel. 42 Pa.C.S. §9543(a)(4).

Sue Galvin, had found the knife. (N.T. 8/20/93, at 7-8.) The defendant's father, William Galvin, also informed Mr. Jackson at a meeting in Mr. Jackson's office that Sue Galvin had found the knife. (N.T. 8/20/93, at 26-27.)

Further, the defendant established his sister's willingness, ability to cooperate and appear on his behalf. The defendant testified that she was able to testify on his behalf in March of 1992. (N.T. 8/20/93, at 8.)

Sue Galvin's testimony is necessary to avoid prejudice to the defendant. The court finds that the result of the trial is unreliable because Sue Galvin's testimony that she found the knife held by the victim may have led a jury to conclude that the Commonwealth had not proved lack of justification beyond a reasonable doubt. Even if counsel had decided not to have Sue Galvin testify, she may have had information which could have been used to exculpate the defendant. Counsel's decision not to interview Sue Galvin has deprived the defendant of a fair trial. Accordingly, the defendant has shown prejudice.

Thus, the defendant has satisfied all four prongs necessary to prove ineffectiveness for failure to interview a witness. Furthermore, information or testimony demonstrating the existence of the knife held by the victim would have been helpful to the defense because it would have made it harder for the Commonwealth to prove that he did not act in self-defense. Accordingly, we find the defendant's ineffectiveness claim has arguable merit.

Further, trial counsel's failure to at least interview Sue Galvin had no reasonable basis designed to effectuate the defendant's interest. Even if trial counsel

suspected that the victim's sister might not be a credible witness, trial counsel had a duty to at least meet with her in person before making a determination that she should not be permitted to testify. "[W]hen the Commonwealth's case is ... dependent upon the credibility of its witnesses, trial counsel must explore the testimony of any witness ... whose testimony might cast doubt on the testimony of the Commonwealth's witnesses." *Commonwealth v. McCaskill,* 321 Pa. Super. 266, 276, 468 A.2d 472, 477 (1983). Further, "[i]t is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and *explore all avenues leading to facts relevant to guilt." Id.* at 278, 468 A.2d at 478 (quoting American Bar Association, Standards for the Defense Function §4-4.1 (approved 1979) (emphasis added)). "This duty to investigate exists even if counsel thinks that the particular avenue in question offers little chance of leading to a successful defense." *Id.*

In *Commonwealth v. Nock,* 414 Pa. Super. 326, 606 A.2d 1380 (1992), *appeal denied,* 535 Pa. 656, 634 A.2d 219 (1993), the court granted a new trial because defense counsel failed to interview an eyewitness. There, counsel decided not to interview an eyewitness to murder because he believed that the witnesses for the Commonwealth were so inconsistent that there was not enough evidence to convict the defendant. On appeal the court remanded for a new trial finding that the failure to interview the witness had no reasonable basis to effectuate the defendant's interest.

In *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976), the defendant pled guilty to murder. Thereafter, defendant challenged the voluntariness of his plea

and contended that his counsel was ineffective. The Pennsylvania Supreme Court found that the defendant's trial counsel was ineffective for failing to interview eyewitnesses to the murder and granted the defendant a new trial. The defendant's counsel decided not to interview the witnesses because both a preliminary hearing witness and the defendant led him to believe they would be hostile. As the court in *Mabie* stated:

"However hostile these witnesses may have appeared to be, there is no basis for the decision neither to interview them nor to attempt to do so. While hostile witnesses at trial may have presented added difficulties to appellant's case, the question here is the decision not to interview them, not the decision to refrain from calling them at trial. Accordingly, there was no danger of hostile witnesses inflaming a jury during an interview to determine what each saw and their degree of potential hostility. Rather, the value of the interview is to inform counsel of the facts of the case so that he may formulate strategy. Perhaps, after questioning these witnesses, counsel may have concluded that the best strategy was not to call them due to hostility and, as a matter of strategy, that decision on counsel's part would not be subject to a claim of ineffective assistance of counsel. *Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973). However, no such claim of strategy can be attached to a decision not to interview or make an attempt to interview eyewitnesses prior to trial. Therefore, no reasonable basis designed to effectuate Mabie's interest can be attributed to counsel's failure to question these witnesses or at least make a reasonable attempt to do so." *Id.* at 475, 359 A.2d at 374.

While there is no indication in the record that Sue Galvin would have been a hostile witness, the court believes the rationale in *Mabie* is also applicable where

defense counsel does not believe a witness will be credible. Even where defense counsel has such a belief, there is no reasonable basis for failing to at least interview the witness. Had trial counsel interviewed Sue Galvin as a witness he may have gained information which would have assisted him in exculpating the defendant. While defense counsel may have ultimately decided not to call Sue Galvin as a witness due to his belief that she lacked credibility, the court finds that trial counsel had no reasonable basis for failing to at least interview her concerning the knife which defendant claims the victim, Todd Heck, had during the fight and which the police never located.

Finally, as the court discussed previously, Sue Galvin's testimony is necessary to avoid prejudice to the defendant. Thus, the defendant is entitled to a new trial.

In conclusion, the court finds the defendant's trial counsel was ineffective for failing to call Sue Galvin as a witness. The defendant's claim that his counsel was ineffective for failing to interview his sister as a witness has arguable merit. Sue Galvin existed and was available to testify at the defendant's trial. Defense counsel was aware of her. She was willing and able to cooperate and appear on behalf of the defendant. Her testimony would have been helpful to the defendant. Trial counsel's failure to at least interview her had no reasonable basis designed to effectuate the defendant's interest and his failure to do so prejudiced the defendant. Accordingly, the court properly granted the defendant a new trial.