J-S68022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ENRIQUE JIMINEZ | |
| Appellant | No. 3467 EDA 2013 |

Appeal from the PCRA Order November 5, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014598-2007

BEFORE:  ALLEN, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:          **FILED DECEMBER 12, 2014**

Appellant, Enrique Jiminez, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The trial court opinion sets forth the relevant facts and procedural history of this appeal as follows.

> [On] March 20, 2007, [...Appellant] shot and killed Mr. Luis 'Chucky' Alomar.  Following [Appellant's] waiver of his right to a jury trial, [Appellant] was tried by this [c]ourt in June of 2009, and at the conclusion of the trial, [Appellant] was found guilty of first-degree murder and [possessing an instrument of crime.[2]]  Sentencing was deferred until September 25, 2009, on which date concurrent sentences of life imprisonment and two and one-half to five years[']

---

[1] 42 Pa.C.S. §§ 9541-9546.
[2] 18 Pa.C.S. §§ 2502(a), 907(b), respectively.

imprisonment were imposed on [Appellant] on the first-degree murder charge and weapons offense[,] respectively. [Appellant] filed [a] timely notice of appeal to the Superior Court on October 19, 2009.

On December 2, 2010, the Superior Court affirmed the judgment of sentence. On December 22, 2010, [Appellant] filed [a] petition for allowance of appeal to the Supreme Court, which was denied on May 4, 2011. On February 2, 2012, [Appellant] filed a petition under the [PCRA], and Stephen T. O'Hanlon, Esquire, was appointed as PCRA counsel for [Appellant]. On February 28, 2013, Mr. O'Hanlon filed a no-merit letter [pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988)], asserting that [Appellant's] PCRA petition was without merit[,] following which this [c]ourt filed and sent [Appellant] notice pursuant to [Pa.R.Crim.P. 907] of its [intention] to dismiss [Appellant's] PCRA petition.[3] On May 31, 2013, this [c]ourt dismissed [Appellant's] PCRA petition. Inexplicably, a copy of the order denying [Appellant] PCRA relief was not sent to [Appellant,] and on October 28, 2013, [Appellant] filed a motion to have his appellate rights reinstated *nunc pro tunc*, asserting that he never received this [c]ourt's order dismissing his PCRA petition. On November 5, 2013, this [c]ourt granted [Appellant] the right to appeal the dismissal of [the] PCRA petition.

PCRA Court Pa.R.A.P. 1925(a) Opinion, filed December 9, 2013, at 1-2.

---

[3] The court filed the Rule 907 notice on April 26, 2013. In his brief, Appellant claims that he filed an objection to the notice on May 10, 2013. However, this document does not appear in either the criminal docket or the record. "[A] petitioner waives issues of PCRA counsel's effectiveness regarding **Turner/Finley** requirements if he declines to respond to the PCRA court's notice of intent to dismiss." **Commonwealth v. Rykard**, 55 A.3d 1177, 1186 (Pa.Super.2012), *appeal denied*, 64 A.3d 631 (Pa.2013)(internal citations omitted). Although Appellant's issues are arguably waived, we will address them as if he timely filed an objection to the Rule 907 notice.

On November 20, 2013, Appellant timely filed a notice of appeal and a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

> WHETHER [THE] PCRA COURT ERRED AS A MATTER OF LAW IN PERMITTING COUNSEL TO WITHDRAW UPON A DEFICIENT *TURNER*/*FINLEY* NO MERIT LETTER?
>
> WHETHER PCRA COUNSEL FILED A DEFECTIVE NO MERIT LETTER THAT WAS BOTH FACTUALLY AND LEGALLY DEFICIENT?

Appellant's Brief at 4.

In his combined issues, Appellant argues his counsel's no-merit letter was both factually and legally deficient. Specifically, Appellant contends his PCRA counsel did not properly review the record or raise all of Appellant's possibly valid claims in his no-merit letter. Appellant concludes his counsel's defective no merit letter entitles to him to PCRA relief, namely a new trial. We disagree.

Our standard of review is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014)

(citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

Our Supreme Court has explained the procedure required for court-appointed counsel to withdraw from PCRA representation:

> [*Turner* and *Finley*] establish the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions. Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A 'no-merit' letter by PCRA counsel detailing the nature and extent of his [or her] review;
>
> 2) A 'no-merit' letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's 'explanation', in the 'no-merit' letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa.2009) (citations omitted). In addition, this Court has required that PCRA counsel who seeks to withdraw must:

contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply the petitioner both a copy of the 'no-merit' letter and a statement advising the petitioner that, in the event the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

**Commonwealth v. Friend**, 896 A.2d 607, 614 (Pa.Super.2006) (emphasis deleted). Further,

[i]f counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. **Commonwealth v. Mosteller**, 633 A.2d 615, 617 (Pa.Super.1993). Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request or an advocate's brief. **Commonwealth v. Karanicolas**, 836 A.2d 940, 948 (Pa.Super.2003).

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. **Mosteller**, 633 A.2d at 617. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721-22 (Pa.Super.2007).

Instantly, PCRA counsel complied with **Turner** and **Finley**. His no-merit letter details the nature and extent of his review by stating that he "reviewed the Quarter Sessions file, reviewed all available *Notes of Testimony* (NT) pertaining to the case, and reviewed the applicable law."

***Finley*** Letter, filed February 28, 2013, p. 1. Counsel listed each of the six issues Appellant wished to have reviewed, and explained, with an accurate statement of the law, why each issue was meritless. ***Id.*** at 2-10. The PCRA court then conducted its own independent review of the record and found that Appellant's "issues lacked merit and that PCRA counsel had no basis, factual or legal, to file an amended petition." PCRA Court Opinion at 4.

Along with his "no-merit" letter, counsel filed a motion to withdraw and supplied Appellant with a copy of the no-merit letter and a statement advising Appellant that, in the event the court granted counsel's application to withdraw, he had the right to proceed *pro se* or with the assistance of privately retained counsel. Therefore, we conclude that PCRA counsel has satisfied the requirements of ***Turner/Finley***.

Appellant raised six issues in his PCRA petition, all of which PCRA counsel included in his ***Turner/Finley*** letter on appeal:

> [WHETHER] TRIAL COUNSEL WERE INEFFECTIVE IN THEIR FAILURE TO PRESENT THE EYEWITNESS TESTIMONY OF JUAN DELGADO, EVAN GOMEZ, AND ISMAEL FALU[?]
>
> [WHETHER] TRIAL COUNSEL WERE INEFFECTIVE FOR ENTERING INTO AN AGREEMENT WITH THE COMMONWEALTH TO PERMIT THE TESTIMONY OF DETECTIVE AGAPITO OSANO FOR THE PURPOSE OF MOTIVE[?]
>
> [WHETHER] TRIAL COUNSEL WERE INEFFECTIVE FOR STIPULATING TO THE TESTIMONY OF DETECTIVE THOMAS GAUL AND FORENSIC SCIENTIST EMIRA GAMAL[?]

> [WHETHER] TRIAL COUNSEL WERE INEFFECTIVE FOR FAILING TO REQUEST A RELIABILITY HEARING OF COMMONWEALTH'S PAID WITNESSES[?]
>
> [WHETHER] TRIAL COUNSEL WERE INEFFECTIVE FOR FAILING TO OBJECT TO THE EYEWITNESS TESTIMONY OF CRYSTAL LEON AND STEPHANIE ROSADO ON THE GROUNDS THAT IT WAS MORE PREJUDICIAL THAN PROBATIVE BECAUSE IT INTRODUCED PRIOR BAD ACT EVIDENCE[?]
>
> [WHETHER] PETITIONER IS ENTITLED TO A NEW TRIAL BECAUSE THE COMMONWEALTH COMMITTED PROSECUTORIAL MISCONDUCT BY PRESENTING THE MENDACIOUS TESTIMONY OF CHRISTOPHER LEON[?]

***Turner/Finley*** Letter, at 2-10.

In the first five issues in his PCRA petition, Appellant argues his counsel was ineffective. He concludes the ineffective assistance of counsel entitles him to a new trial. We disagree.

This Court follows the ***Pierce***[4] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and

_____

[4] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa.1987).

> (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

In his first issue, Appellant argues his counsel was ineffective for failing to call certain defense witnesses.

To obtain relief on a missing witness claim, the appellant is required to establish that (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; (4) the witness was prepared to cooperate and testify for appellant at trial; and (5) the absence of the testimony prejudiced appellant so as to deny him a fair trial. *Commonwealth v. Stanley*, 632 A.2d 871, 872 (Pa. 1993) (citing *Commonwealth v. Petras*, 534 A.2d 483, 485 (Pa. Super. 1987)). It is the appellant's responsibility to show that counsel was actually aware of the witness's existence or had a duty to know of the witness. *Id.* "Further, ineffectiveness for failing to call

a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense." ***Commonwealth v. O'Bidos***, 849 A.2d 243, 249 (Pa.Super.2004).

Instantly, in a court-conducted colloquy, Appellant testified that he had discussed potential witnesses with counsel and decided not to call any additional defense witnesses. Accordingly, Appellant's first claim of ineffective assistance of counsel lacks merit.

In his second issue, Appellant argues that his counsel was ineffective for entering into an agreement with the Commonwealth to permit the testimony of a detective for the purpose of motive. Despite Appellant's contention that this was an agreement between his counsel and the Commonwealth, the detective's testimony was admitted as a result of an evidentiary ruling after Appellant's motion *in limine*. Thus, Appellant's second claim of ineffective assistance of counsel lacks merit.

In his third issue, Appellant claims his trial counsel was ineffective for stipulating to expert testimony because cross-examination of these witnesses could have undermined prior eyewitness testimony. Specifically, Appellant suggests that testimony regarding slight variances in the kind of top Appellant was wearing during the commission of the crime would provide the basis for misidentification. Unfortunately for Appellant, all of the

eyewitnesses testified that Appellant was wearing a brown top, and his hope of revealing a substantive inconsistency is without a factual basis.

In his fourth issue, Appellant argues his trial counsel was ineffective for failing to request a "reliability hearing" for the Commonwealth's allegedly paid witnesses. Because there is no evidence to support Appellant's contention that the Commonwealth paid its witnesses and there is no such thing as a "reliability hearing," Appellant's fourth issue is without merit.

In Appellant's fifth issue, he alleges his counsel was ineffective for failing to object to certain eyewitness testimony which Appellant claims was more prejudicial than probative because the testimony introduced bad acts into evidence. Despite Appellant's contention, the Commonwealth did not elicit any prior bad acts testimony from any eyewitnesses. Therefore, this issue lacks merit.

Because all of Appellant's ineffective assistance of counsel claims lack merit, we need not address the other prongs of the *Pierce* test. *See Fitzgerald, supra.*

In his sixth issue, Appellant argues the Commonwealth committed prosecutorial misconduct by presenting the mendacious testimony of eyewitness Christopher Leon. Appellant claims the prosecutor presented Mr. Leon's testimony to harass Appellant, and concludes that he is entitled to a new trial. We disagree.

Claims based on prosecutorial misconduct are not cognizable under the PCRA. 42 Pa.C.S. § 9543. Thus, we will not address this issue.

After a thorough review of the record, the briefs of the parties and the applicable law, we conclude the PCRA court properly denied Appellant PCRA relief and properly granted counsel's petition to withdraw from representation of Appellant. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2014