J-S74024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
| | OF PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| JARVAY M. DAVIS | |
| | |
| Appellant | No. 1230 EDA 2018 |

Appeal from the PCRA Order entered April 17, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008720-2009

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:          **FILED FEBRUARY 14, 2019**

Appellant, Jarvay M. Davis, appeals from the April 17, 2018 order of the Court of Common Pleas of Philadelphia County denying his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Appellant argues that the PCRA court erred in not holding an evidentiary hearing on his claim of ineffective assistance of counsel. We disagree.  Accordingly, we affirm.

The underlying facts and procedural history are uncontested.  Briefly, on July 19, 2012, Appellant pled guilty to attempted burglary, conspiracy to commit burglary, and possession of an instrument of crime.[1]  The trial court imposed three sentences of one to five years of incarceration, two of which

_____

[1] 18 Pa.C.S.A. §§ 901, 3502, 903, and 907, respectively.

ran concurrently with another sentence Appellant was serving, and one of which ran consecutively. Appellant did not file a direct appeal.

Appellant filed the underlying PCRA petition, his first, on May 30, 2013. The PCRA court appointed counsel on February 18, 2014, and counsel filed an amended petition on August 10, 2014. "The claim presented [in the amended petition] was stated the same as is stated in the [Pa.R.A.P. 1925(b)] statement [*i.e.*, plea counsel was ineffective for divulging confidential information to prosecutor,] followed by a request for an evidentiary hearing in order to determine what information was relayed to the prosecution and how it affected the sentence." PCRA Court Opinion, 6/13/18, at 3 (quotation marks omitted).[2]

After issuing a notice to dismiss, the PCRA court, on March 21, 2016, denied the petition as untimely. On appeal, we disagreed with the PCRA court's finding of untimeliness, and remanded to the PCRA court to address the merits of the petition. *See Commonwealth v. Davis*, No. 1036 EDA 2016, unpublished memorandum (Pa. Super. March 13, 2017).

After remand, on April 17, 2017, the PCRA court denied Appellant's PCRA petition. This appeal followed.

On appeal, Appellant argues that the PCRA court erred in not holding a hearing on his PCRA petition in which he alleged ineffective assistance of plea

---

[2] "The amended petition did not include the identification of any evidence in support of the claim, other than [a] single citation to the plea/sentencing hearing notes. PCRA Court Opinion, 6/13/18, at 3. Elsewhere, the PCRA court characterizes the citation to the sentencing transcript as "cryptic." *Id.*

- 2 -

counsel. Specifically, as noted, Appellant claims that plea counsel was ineffective for sharing with the prosecutor confidential information Appellant related to plea counsel. For the reasons stated below, we conclude that Appellant is entitled to no relief.

On review, we must determine whether the record supports the PCRA court's findings and whether the court's ruling is free of legal error. *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013), *cert. denied*, 571 U.S. 1026 (2013).

Regarding the ineffective assistance of counsel claim, we note that "[i]t is well-established that counsel is presumed effective and a PCRA petitioner bears the burden of proving ineffectiveness." *Commonwealth v. Reyes-Rodriguez*, 111 A3d 775, 779-80 (Pa. Super. 2015) (*en banc*) (citations and brackets omitted).

> To prevail on an [ineffective assistance of counsel] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. *Commonwealth v. Baumhammers*, 92 A.3d 708, 719 (Pa. 2014) (citing [*Commonwealth v. Pierce*, 527 A.2d 973, 975–76 (Pa. 1987)]). A petitioner must prove all three factors of the "*Pierce* test," or the claim fails. *Id.* In addition, on appeal, a petitioner must adequately discuss all three factors of the "*Pierce* test," or the appellate court will reject the claim. *Commonwealth v. Fears*, [86 A.3d 795, 804 (Pa. 2014)].

*Id.* at 780.

Finally, we review claims of denial of a request to hold a hearing as follows:

The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." *Commonwealth v. Paddy*, [15 A.3d 431, 442 (Pa. 2011)] (quoting Pa.R.Crim.P. 909(B)(2)). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.* (quoting *Commonwealth v. D'Amato*, [856 A.2d 806, 820 (Pa. 2004)]). We stress that an evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Jones*, [811 A.2d 994, 1003 n.8 (Pa. 2002)] (citation omitted). In *Jones*, we declined to remand for an evidentiary hearing when the appellant merely asserted that counsel did not have a reasonable basis for his lack of action but made no proffer of evidence as to counsel's lack of action.

*Commonwealth v. Roney*, 79 A.3d 595, 604-05 (Pa. 2013).[3]

---

[3] *See also* Pa.R.Crim.P. 907(1) (Disposition without Hearing), which in relevant part provides:

[T]he judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

A review of Appellant's filings, including his appellate brief, reveals that Appellant mentioned the first prong of the ineffective assistance of counsel standard in his filings, failing, however, to provide any discussion regarding the other two prongs (*i.e.*, rational basis and prejudice).[4] Under the above authorities, we must conclude that Appellant's claim is waived for failure to plead and prove by a preponderance of the evidence all prongs of the ineffective assistance of counsel test. ***See also Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001) (failure to meaningfully discuss and apply the standard governing the review of ineffectiveness claims does not satisfy petitioner's burden of establishing he is entitled to relief).

To the extent Appellant addressed the first prong, we note that Appellant failed to show that his claim has merit by a preponderance of evidence. Indeed, the Appellant does not even state that he has a claim, let alone a meritorious one. The entire argument in support to his claim consists of the following: "Whether or not" plea counsel disclosed confidential information to the prosecutor raises a material issue of fact, which required a

---

[4] Similarly, the PCRA court found that Appellant "made no attempt to support the bald claim of trial counsel's alleged breach of confidentiality with any record evidence or references to any that may exist elsewhere[.]" PCRA Court Opinion, 6/13/18, at 11. This finding is consistent with Appellant's own argument: "There is absolutely nothing in the record for the court to make a determination. . . . The only way to make such a determination would have been for the court to have held an evidentiary hearing." Appellant's Brief at 15.

hearing. Appellant's Brief at 15. Having failing to hold a hearing, the PCRA court's denial of relief must be reversed. *Id.*

Appellant fundamentally misapprehends what he needs to plead and prove in his PCRA petition to get an evidentiary hearing and the purpose of a hearing on a PCRA petition.

In the context of ineffective assistance of counsel claims, it is well-established that counsel's effectiveness is presumed, and that petitioner must plead and prove by a preponderance of the evidence that counsel was not effective. Failure to do so results in a dismissal of the petition.

> To avoid such a result, "counsel must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Pettus*, [424 A.2d 1332, 1335 (Pa. 1981)]. However, "[t]he controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition." *Commonwealth v. Weddington*, [522 A.2d 1050, 1052 (Pa. 1987)].

*Commonwealth v. Stanley*, 632 A.2d 871, 872 (Pa. 1993).

Here, Appellant did not set forth an offer to prove the alleged breach of confidentiality.[5] Indeed, Appellant acknowledged that he needed an evidentiary hearing to determine whether plea counsel disclosed confidential information and the impact of the breach, if any. PCRA Court Opinion,

---

[5] As noted above, Appellant acknowledged that the record is devoid of any of such evidence. "There is absolutely nothing in the record for the court to make a determination." Appellant's Brief at 15.

6/13/18, at 3; Appellant's Brief at 15. Petitioner must set forth an offer of facts supporting his/her claim in the petition, as an evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." **Jones**, 811 A.2d at 1003 n.8.

In light of the foregoing, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition without holding a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/19