J-S75015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MITCHELL SPENCER | : | |
| | : | |
| Appellant | : | No. 2585 EDA 2017 |

Appeal from the PCRA Order July 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011075-2013

BEFORE:  PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.:                    **FILED JUNE 21, 2019**

Mitchell Spencer appeals from the order entered in the Philadelphia County Court of Common Pleas dismissing his petition under the Post-Conviction Relief Act ("PCRA"), 42 PA.C.S.A. §§ 9541-46, without a hearing. Spencer argues the PCRA court erred in declining to hold an evidentiary hearing on his claim of ineffective assistance of counsel. We affirm.

On July 9, 2015, Spencer entered into an open guilty plea to robbery, robbery of a motor vehicle, conspiracy, and possession of a firearm.[1] The trial court sentenced him to an aggregate sentence of five to ten years' imprisonment. Spencer did not file a post-sentence motion or a direct appeal.

Instead, Spencer filed a timely PCRA petition alleging, in part, ineffectiveness of guilty plea counsel. Counsel was appointed and filed an

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3702(a), 903(c), and 6105(a)(1), respectively.

amended petition on Spencer's behalf. Through his amended petition, Spencer alleged guilty plea counsel was ineffective because he "did not fully explain the plea offer and recommend[ed] that [Spencer] plead open." Amended Petition, 3/27/17, at ¶ 6. After the Commonwealth filed an answer to Spencer's petition, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Spencer did not file a response, and the court issued an order dismissing Spencer's petition. This timely appeal follows.

On appeal, Spencer contends the PCRA court erred in dismissing his petition without a hearing. Spencer claims guilty plea counsel erroneously advised him against taking an earlier plea offer from the Commonwealth in favor of a less favorable open plea agreement. Spencer alleges this claim raises questions of fact that should have been resolved through an evidentiary hearing. Conversely, the Commonwealth highlights Spencer's failure to proffer any evidence in support of his claim that a favorable guilty plea was offered by the Commonwealth prior to Spencer's open plea agreement.

"The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record" ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Generally, "[t]he PCRA court may dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post conviction relief, and no legitimate purpose would be served by any further proceedings." **Commonwealth v. Johnson,** 139 A.3d 1257, 1273 (Pa. 2016) (citation and internal quotation mark omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." **Commonwealth v. Khalifah**, 852 A.2d 1238, 1240 (Pa. Super. 2004) (citation omitted).

Through his PCRA petition, Spencer asserted ineffective assistance of counsel. "It is well-established that counsel is presumed effective, and a PCRA petitioner bears the burden of proving ineffectiveness." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779-780 (Pa. Super. 2015) (brackets and citations omitted). To obtain relief on an ineffectiveness claim, a petitioner must plead and prove by a preponderance of the evidence "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

To prove ineffectiveness, a petitioner must establish his underlying claim has arguable merit; no reasonable basis existed for counsel's action or

failure to act; and he suffered prejudice as a result of counsel's error. ***See***

***Commonwealth v. VanDivner***, 178 A.3d 108, 114 (Pa. 2018). A failure to

plead or prove any prong will defeat an ineffectiveness claim. ***See***

***Commonwealth v. Grove***, 170 A.3d 1127, 1138 (Pa. Super. 2017).

> To avoid such a result, counsel must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective, However, the controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition.

***Commonwealth v. Stanley***, 632 A.2d 871, 872 (Pa. 1993) (internal citations

and quotation marks omitted).

Instantly, Spencer's petition provided no information as to the exact

nature of the guilty plea offer from the Commonwealth and made no offer to

prove its alleged favorable terms. In fact, the only reference to this plea

Spencer made in his petition was that guilty plea counsel did not fully explain

the terms of the plea.[2] Spencer was required to set forth an offer of facts

supporting his claim *in his petition*, as an evidentiary hearing "is not meant to

function as a fishing expedition for any possible evidence that may support

---

[2] In his briefings, Spencer includes more information regarding this alleged plea offer. Notably, he contends it contained a more favorable sentence than the sentence he received from the trial court but that plea counsel advised him against taking it. ***See*** Memorandum of Law, 3/27/17, at 2; Appellant's Brief, at 15-17 However, as Spencer failed to include any of these assertions in his actual *petition*, his pleadings were insufficient. ***See Commonwealth v. McBride***, 957 A.2d 752, 757-758 (Pa. Super. 2008) ("It is of course fundamental that matters attached to or contained in briefs are not evidence and cannot be considered part of the record … on appeal.")

some speculative claim of ineffectiveness." ***Commonwealth v. Jones***, 811 A.2d 994, 1003 n. 8 (Pa. 2002)(citation omitted) (declining to remand for an evidentiary hearing when appellant asserted counsel did not have a reasonable basis for his lack of action but failed to make a proffer of evidence as to counsel's lack of action). As he failed to set forth this information in his petition, the court had no basis from which to conclude Spencer's claim had arguable merit.

Accordingly, as Spencer is unable to establish his claim had arguable merit, the PCRA court did not err in dismissing Spencer's PCRA petition without a hearing. ***See Commonwealth v. Williams***, 782 A.2d 517, 526 (Pa. Super. 2001) (dismissal of claims appropriate where pleadings insufficient to state a claim for post-conviction relief).

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>6/21/2019</u>