J-A28024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                  :              PENNSYLVANIA
                                  :
           v.                      :
                                  :
                                  :
ZACKARY PRITCHETT            :
                                  :
          Appellant        :     No. 783 EDA 2022

Appeal from the PCRA Order Entered March 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003990-2015

BEFORE:  PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.:          **FILED FEBRUARY 15, 2023**

Zackary Pritchett appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  After our review, we affirm on the opinion authored by the Honorable Diana L. Anhalt.

On July 12, 2016, Pritchett entered a negotiated guilty plea to third-degree murder, attempted murder, and possessing an instrument of crime.[1]

---

[1] When he was nineteen years old, Pritchett stabbed his mother to death with a butcher knife; he also stabbed his bedridden grandmother, but he stopped when she pleaded with him and told him she loved him, causing Pritchett to cry and flee.  Pritchett gave a written and videotaped confession to both stabbings.  N.T. Guilty Plea Hearing, 7/12/16, at 14-19.  Pritchett was sexually, physically, and emotionally abused by his mother.  He did not attend school (in response to the court's question of how far he went to school, Pritchett stated, "Kindergarten."  *Id.* at 5), and essentially lived like a "caged animal."  Pritchett has an IQ of 67 and suffers from mental health issues.  During sentencing proceedings, Annie Steinberg, M.D., who was hired by
*(Footnote Continued Next Page)*

_____

Pritchett's counsel, provided a psychiatric diagnosis, concluding Pritchett suffers from dissociative identity disorder and post-traumatic stress disorder, that he developed an alter ego, "Dennis," at the age of 10, and that it was "Dennis" who had "told [him] to kill his mother[.]" Appellant's Brief, at 5. *See also* Defense Exhibit 2 (Dr. Steinberg Report); N.T. PCRA Hearing, 1/13/22, at 41. At the PCRA Hearing, Dr. Steinberg explained the disorder is exclusive to individuals who have experienced "profound trauma, abuse, neglect in childhood, when the personality is still developing and can fracture as an attempt to cope with an untenable situation. . . . but it occurs only really with severe trauma in young years." *Id.* at 33-34.

Doctor Steinberg explained that Pritchett developed an alter ego to respond to his significant trauma. She explained that he was aware of what was occurring when he attacked his mother and grandmother, that he may have lacked "cognitive control" due to his alter ego, but despite his mental condition he was competent. *See* Commonwealth's Brief, at 3, citing Dr. Steinberg Report, at 26-27. Doctor Steinberg concluded:

> Zackary has a capacity to appreciate the charges against him, disclose pertinent facts, provide an account of his own and others' behavior prior to, during, and subsequent to the alleged crime. He has an awareness of the roles of court personnel and the adversarial nature of the proceedings, and he is open to testifying but fearful that Dennis [his alter ego] will emerge. He understands the range and nature of penalties and hopes for treatment for his problems; he feels that his psychological problems should be brought up so that he can receive treatment, to which he has never had access. However, the alter [ego] Dennis, should he emerge, has less capacity to participate in a coherent, rational process in a courtroom and in his own defense. [During the evaluation h]e was incoherent at times, with maniacal laughter, aggressive and threatening, and self-injurious to the body.

Dr. Steinberg Report, at 25.

Pritchett's grandmother was hospitalized due to her injuries and died a few months later. The PCRA court states that as part of the negotiated plea, the Commonwealth agreed not to pursue murder charges against Pritchett for the death of his grandmother, but the court acknowledges that this agreement was not placed on the record. *See* PCRA Court Opinion, *supra* at 11-12, citing N.T. PCRA Hearing, 1/13/22, at 117-18, 146-48.

The Honorable Lillian H. Ransom sentenced him to 20 to 40 years' imprisonment.[2] Pritchett did not file a direct appeal. Pritchett filed a timely PCRA petition on January 17, 2017, seeking reinstatement of his appellate rights *nunc pro tunc*. The PCRA court appointed counsel, who filed a **Turner/Finley** no-merit letter[3] and motion to withdraw. The PCRA court dismissed Pritchett's petition and granted counsel's motion to withdraw.

On collateral appeal to this Court, we vacated and remanded for appointment of new counsel, the filing of a counseled PCRA petition, and an evidentiary hearing to provide Pritchett "the opportunity to prove his allegation that he requested an appeal." **Commonwealth v. Pritchett**, 4035

---

[2] The court stated that Pritchett would be housed and supervised in the mental health unit. N.T. Guilty Plea Hearing/Sentencing, 7/12/16, at 22; Sentencing Order, 7/12/16. The Commonwealth states that since his incarceration at S.C.I. Camp Hill, Pritchett "has been seeing mental health professionals for therapy and treatment that have been successful, attending classes, and working." Commonwealth's Response to Defendant's Amended Petition, 7/15/21, at 7-8. At the PCRA hearing, Dr. Steinberg testified that she and Pritchett discussed his experience in prison:

> [P]rison was a step up from his life. He got to go out a couple of times a day and walk in the yard. People left him alone there. He had a roommate who he did not mind. And he seemed very grateful for the help that he was getting, even though he complained about not getting medicine enough or fast enough to help take the voices away, but he definitively thought that prison was preferable to his previous life, which really represents . . . how severe an existence he had prior to his incarceration.

N.T. PCRA Hearing, 1/13/22, at 62-63.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

EDA 2017, *3 (Pa. Super. filed October 10, 2018) (unpublished memorandum decision). *See Commonwealth v. Lantzy*, 736 A.2d 564, 571-72 (Pa. 1999) (failure to appeal when requested constitutes ineffectiveness *per se* without regard to merit of issues to be raised); *see also Commonwealth v. Stanley*, 632 A.2d 871, 872 (Pa. 1993) (where there is any "substantive question concerning the merits of a collateral claim, the trial court should receive evidence on the matter").

On remand, the PCRA court appointed new counsel, Doug Dolfman, Esquire, who filed an amended PCRA petition on July 23, 2019. The Commonwealth filed a response. The court held an evidentiary hearing on January 31, 2020 to determine whether Pritchett had requested trial counsel file a direct appeal. That hearing was subsequently bifurcated to allow Attorney Dolfman to obtain Pritchett's mental health records. Following several continuance requests by the defense, the PCRA court removed Attorney Dolfman and appointed George Yacoubian, Esquire, to represent Pritchett. Attorney Yacoubian filed a second amended PCRA petition, alleging trial counsel was ineffective in causing Pritchett to enter an involuntary guilty plea when counsel knew, or should have known , that Pritchett's mental health history, low IQ, and lack of any formal education precluded any waiver of his trial rights. The Commonwealth filed a response.

The PCRA court held a hearing on January 13, 2022. On March 8, 2022, the court dismissed Pritchett's PCRA petition.

Pritchett filed this timely appeal. Both Pritchett and the PCRA court have complied with Pa.R.A.P. 1925. Pritchett raises the following issues on appeal:

1. Did the PCRA court err when it denied Pritchett's claim that trial counsel was ineffective pursuant to subsection 9543(a)(2)(ii) of the PCRA?[4]

2. Did the PCRA court err when it denied Pritchett's claim that his guilty plea was unlawfully induced pursuant to subsection 9543(a)(2)(iii) of the PCRA?[5]

Appellant's Brief, at 12.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are

---

[4] A petitioner is eligible for relief if he pleads and proves by a preponderance of the evidence that the conviction or sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

[5] A petitioner is eligible for relief if he pleads and proves by a preponderance of the evidence that the conviction or sentence resulted from "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S.A. § 9543(a)(2)(iii).

supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

After careful review of the parties' arguments, the record, and the PCRA court's opinion, we affirm based on that court's opinion. **See** PCRA Court Opinion, 7/8/22, at 7-18. The evidence of record supports the court's conclusions that: (1) trial counsel was not ineffective for failing to file an appeal where Pritchett failed to show, at two evidentiary hearings, that he made such a request and trial counsel's testimony that he was neither asked nor contacted about filing an appeal, was credible;[6] (2) trial counsel was not ineffective with respect to Pritchett's guilty plea because the record shows Pritchett was competent and his plea was knowing, intelligent, and voluntary;[7] and (3) counsel was not ineffective for failing to raise Pritchett's "mental health history, mental retardation, sexual abuse, and severe psychiatric disorders," where the record belied this assertion; at the guilty plea hearing, Judge Ransom was well aware of Pritchett's mental health conditions, the fact

---

[6] **See Commonwealth v. Spencer**, 892 A.2d 840, 842 (Pa. Super. 2006) (before court will find ineffective assistance of trial counsel for failing to file direct appeal, defendant must prove he requested appeal and that counsel ignored request).

[7] Doctor Steinberg opined that Pritchett "appreciates the charges again him [and] understands the range and nature of penalties." Dr. Steinberg Report, **supra** at 25. Pritchett acknowledged at the guilty plea hearing that he understood the charges to which he was pleading and understood that he was receiving a penalty of 20-40 years' imprisonment for third-degree murder and no further penalty on the remaining charges. N.T. Guilty Plea Hearing, 7/12/16, at 7-8.

that he had taken his medication for dissociative identity disorder and that he responded "No" when asked if he was hearing voices other than those of the people in the courtroom. Moreover, the court had possession of Dr. Steinberg's report.

We conclude, therefore, that the record supports the PCRA court's findings. **Rigg**, **supra**. Accordingly, we affirm the PCRA court's order and direct the parties to attach a copy of the PCRA court's opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/15/2023