441 A.2d 421

**COMMONWEALTH of Pennsylvania**

v.

**Paul STRAFF, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed Feb. 5, 1982.

Alan E. Kear, Philadelphia, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

PER CURIAM:

The instant appeal is from the trial court's order quashing appellant's timely motions for a new trial and in arrest of judgment following his conviction for speeding.[1]  For the reasons stated herein, we reverse the order and remand the case to the court of common pleas for consideration of the merits of appellant's post-trial motions.  Additionally, we vacate the sentence imposed upon completion of appellant's trial on October 25, 1978.

Appellant was cited for speeding on July 5, 1978.  Following a summary trial before a district justice on July 21, 1978, appellant was found guilty and sentenced to pay a fine of $55 and costs of $15.  An appeal to the court of common pleas was perfected, see Pa.R.Crim.P. 67, and a nonjury trial was held on October 25, 1978.  The trial judge found appellant guilty of violating section 3362(a)(1) of the Vehicle Code and immediately sentenced him to pay the fine of $55 as well as the costs of prosecution.  Thereafter, on November 3, 1978, appellant filed motions for a new trial and in arrest of judgment pursuant to Pa.R.Crim.P. 1123(a).[2]  The trial

1.  The Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81, § 3362, 75 Pa.C.S.A. § 3362.

2.  Pa.R.Crim.P. 1123(a) provides:

court acknowledged receipt of said motions on November 21, 1978 and scheduled argument thereon for December 18, 1978. Following argument, the court below quashed appellant's motions on December 21, 1978. This appeal followed.

The trial court reasoned that the judgment of sentence entered immediately upon completion of appellant's trial was the final order from which appellant should have appealed to this court. The trial court thus quashed appellant's post-verdict motions because there was

no statutory or other authority for the filing of 'a motion in arrest of judgment and for a new trial,' after the entry of a sentence or final order of...Court. The Pa.Rules of Criminal Procedure in Chapter 1100... relate to court cases, i.e. misdemeanors, felonies or murder cases, not to cases under the Vehicle Code.

Slip op. at 2.

This was error. It is clear that Pa.R.Crim.P. 1123 applies to cases involving summary offenses. *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). Indeed, the official Comment to Rule 1123 was recently revised to clarify the applicability of the Rule in the summary case context. The final sentence of the revised comment now provides: "This rule is intended to require post-verdict motions in the court of common pleas after a finding of guilt at a de novo trial in a summary case." The trial court thus erred in failing to consider the merits of appellant's post-trial motions.[3]

> Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued. If the grounds asserted do not require a transcript, neither the filing nor argument of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony.

**3.** It is axiomatic that post-verdict motions must be disposed of *before* sentencing. *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1975); *Commonwealth v. Souder*, 376 Pa. 78, 101 A.2d 693 (1954);

Accordingly, the judgment of sentence is vacated, the order quashing appellant's post-verdict motions is reversed, and the case is remanded to the court of common pleas for consideration of the merits of those motions.

*Commonwealth v. Middleton,* 242 Pa.Superior Ct. 421, 364 A.2d 342 (1976); *Commonwealth v. Young,* 223 Pa.Superior Ct. 447, 302 A.2d 402 (1973); *Commonwealth v. Haimbach,* 151 Pa.Superior Ct. 581, 30 A.2d 653 (1943). Thus, it was also error for the court below to impose sentence immediately upon completion of trial and prior to the filing of post-verdict motions. *See Commonwealth v. Koch,* 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981).