522 A.2d 1050

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Warren WEDDINGTON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 25, 1985.

Decided March 11, 1987.

William L. Carroll, Philadelphia, for appellant.

Robert B. Lawler, Chief/Appeals Div., Eric B. Henson, Deputy Dist. Atty., Ronald Eisenberg, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION *

McDERMOTT, Justice.

On December 20, 1974, appellant, Warren Weddington, was convicted of robbery, conspiracy, and possessing an instrument of crime. Following the denial of appellant's post-trial motions the trial court imposed a sentence of two to fifteen years imprisonment.

Appellant filed a notice of appeal but that direct appeal was not pursued. He had apparently hired new counsel, who in turn determined that no meritorious issues existed and communicated as much to the appellant. On April 19, 1976, the Superior Court entered a judgment of nolle prose-

* This case was assigned to this writer on December 3, 1986.

qui as to that appeal. Appellant served his two year minimum sentence and was released on parole.

On October 15, 1981, appellant was convicted of another armed robbery.[1] This second conviction of armed robbery subjected appellant to possible parole revocation, and an additional thirteen years of "back time" in prison arising from his 1974 robbery conviction.

According to appellant, only after this second robbery conviction did he learn of the possibility of collateral attack upon his earlier convictions,[2] as provided by the Post Conviction Hearing Act (PCHA).[3] Appellant, finding himself incarcerated in the autumn of 1981, utilized some of his leisure time in preparing a *pro se* PCHA petition attacking his 1974 conviction. This petition was filed in February of 1982.[4] Court-appointed counsel filed an amended petition which retained the allegations of the *pro se* petition and added, of course, allegations of ineffective assistance of counsel.[5]

The Court of Common Pleas of Philadelphia dismissed appellant's petition on the Commonwealth's motion, specifically because appellant waited in excess of five years before initiating his PCHA campaign of collateral attack. The Superior Court, 337 Pa.Super. 633, 487 A.2d 441 (1984),

1. That conviction has been affirmed, *per curiam* by the Superior Court. *Commonwealth v. Weddington,* 335 Pa.Super. 637, 484 A.2d 814 (1984).

2. The credibility of this assertion is not an issue in this appeal which is fortunate for the appellant considering his more than passing acquaintance with the criminal justice system.

3. Act of May 13, 1982, P.L. 417, No. 122, § 2, *imd. effective;* 42 Pa.C.S. § 9541 *et seq.*

4. This petition alleged the following errors as worthy of granting him post-conviction relief: admission and exclusion of unspecified evidence; "unconstitutional use by the State of further testimony"; "obstruction by state officials of petitioner's right of appeal"; and abridgment of an unspecified constitutional right.

5. Since this is appellant's first PCHA petition he does not present us with the persistent problem of convicts filing multiple petitions. *See e.g., Commonwealth v. Alexander,* 495 Pa. 26, 432 A.2d 182 (1981). *See also Commonwealth v. Watlington,* 491 Pa. 241, 246, 420 A.2d 431, 434 (1980) (Dissenting Opinion, Flaherty, J.).

affirmed the dismissal, the Honorable Joseph A. Del Sole dissenting.

■ Upon petition we granted allocatur to address the narrow issue of whether a convict's first PCHA petition may be dismissed without some evidentiary hearing solely because of the long lapse of time between the final determination of the case-in-chief and the initiation of that collateral attack. We hold that it cannot and, therefore, reverse.

■ So long as a convict meets the eligibility requirements to apply for relief,[6] he has a statutory right to initiate a PCHA proceeding by filing a petition.

(a) Filing.—Any person who desires to obtain relief under this subchapter may initiate a post conviction proceeding by filing a petition (together with three copies thereof), verified by affidavit, with the clerk of the court in which he was convicted and sentenced which court is hereby granted jurisdiction to hear and determine the petition. Subject to the provisions of subsections (c), *he may file a petition at any time.*

45 Pa.C.S. § 9545(a) [Our emphasis].[7]

The standard for determining whether the petition warrants a hearing is statutorily prescribed.

(a) When required.—If a petition alleges facts that, if proven, would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.

(b) When not required.—The court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full

---

6. 42 Pa.C.S. § 9543.

7. The limitations of § 9545(c) are on the substantive grounds asserted for relief rather than upon the timeliness of the filing. These limits are designed to assume importance when issues have or could have been raised before.

Also, particulars relating to the mechanical aspects of filing a petition are more fully described in the Rules of Criminal Procedure. *See* Pa.R.Crim.P. 1507.

and fair evidentiary hearing upon that question was held at the original trial or at any later proceeding.

42 Pa.C.S. § 9549(a), (b).

■ The controlling factor in determining whether a petition may be dismissed without a hearing is the status of the substantive assertions in the petition. A petition may be denied with no hearing whatsoever when the petition asserts allegations which are frivolous;[8] have already been adjudicated;[9] or have been waived.[10]

■ The Commonwealth has argued laches serves as a barrier to a hearing on a long delayed PCHA petition. Laches is an equitable concept which has no place in the criminal law. *Commonwealth v. Doria,* 468 Pa. 534, 364 A.2d 322 (1976). This is even more apparent when the General Assembly has seen fit to leave the period for obtaining PCHA relief unbounded. Time limitations on filing for post-conviction relief have been embraced by other jurisdictions[11] and would be workable in this Commonwealth so long as due process is served by writs such as habeas corpus and coram nobis. *Cf. Commonwealth v. Mangini,* 478 Pa. 147, 386 A.2d 482 (1978) (writ of coram

8. 42 Pa.C.S. § 9549(b).

9. 42 Pa.C.S. § 9549(b); Pa.R.Crim.P. 1504.

10. 42 Pa.C.S. § 9544(b), (c).

11. Ark.R.Crim.P. 37.2 (three years from commitment date, unless conviction absolutely void); Fla.R.Crim.P. 3.850 (two years from final judgment, unless due diligence shown or the fundamental constitutional right asserted was not established within that period and has been held to apply retroactively); Idaho Code § 19–4902 (five years from determination of direct appeal); 38 Ill.Rev.Stat. ¶ 122–1 (ten years from final judgment, unless petitioner shows lack of culpable negligence in delay); Iowa Code § 663A.3 (three years from final judgment unless ground of attack could not have been raised in that period); Miss.Code § 99–39–5 (three years from final judgment unless there is conclusive evidence, not reasonably discoverable at trial, which would have yielded a different verdict or sentence); Mont.Code § 46–21–102 (five years from conviction); Nev.Rev.Stat. § 177.315 (one year from final judgment, unless good cause shown for delay); N.J. Court Rule 3:22–12 (five years from judgment unless delay excusable, an illegal sentence may be challenged at any time); Wyo. Stat. § 7–14–101 (five years from sentencing unless petitioner shows lack of neglect).

nobis is an extraordinary procedural tool to correct errors of fact undiscoverable by a petitioner exercising due diligence at the time of trial). However, this Court is not free to invoke equity to place arbitrary time limits upon the exercise of a right created by the General Assembly.

We express regret in reversing the Superior Court in this case, for we believe that court was laudably attempting to contain the growing quagmire of collateral attacks brought under the auspices of the PCHA. We further believe that the PCHA procedure, with its unrestricted and repetitive collateral attacks, has undermined the public's confidence in finality of judgment; a result breeding intolerable disrespect for the court system of this Commonwealth. However, our hands are tied, and we are compelled to grant appellant the relief of an evidentiary hearing on his PCHA petition.[12]

Accordingly, the order of the Superior Court is reversed.

HUTCHINSON, J., concurs in the result.

---

**12.** Of course, the PCHA court remains empowered to dismiss the petition within § 9549(b) without *any* hearing if the substance of the collateral attack asserted in the petition is frivolous or settled.