534 A.2d 515

COMMONWEALTH of Pennsylvania, Appellee,

v.

David Thomas SHINN, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 6, 1987.

Filed Dec. 8, 1987.

438

Richard L. Hughey, Media, for appellant.

William R. Toal, III, Assistant District Attorney, Media, for Com., appellee.

Before CIRILLO, President Judge, and WIEAND and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence entered by the trial court which found appellant guilty of driving with a suspended driver's license (75 Pa.C.S.A. § 1543). Appellant presents three issues for our review: (1) whether appellant's driving privileges had been restored at the time he was charged with violation of 75 Pa.C.S.A. § 1543(b) (extension of existing suspension); (2) whether the Commonwealth failed to establish beyond a reasonable doubt that appellant had notice of the suspension of his operator's license; and (3) whether the doctrine of equitable estoppel bars the Commonwealth from claiming that appellant was operating a motor vehicle while under license suspension.

We find that appellant has failed to establish his entitlement to relief on any of these claims; accordingly, the judgment of sentence is affirmed.

 Appellant was arrested on April 24, 1985 for driving while under the influence of alcohol. Although the charges arising from this arrest were ultimately dismissed, appellant's operating privileges were nonetheless suspended for one year because appellant refused to take a breathalyzer test. On January 2, 1986, appellant was stopped for failure to stop at a stop sign. Upon checking with the Department of Transportation ("Department"), the police officer discovered that appellant's driving privileges were suspended. A hearing was held before a district justice and appellant was found guilty. Appellant appealed to the trial court which found that appellant operated the vehicle with a suspended license and sentenced appellant to ninety days' imprisonment and a $1,000 fine.[1] This timely appeal followed.

Appellant first contends that his driving privileges had been restored and that on January 2, 1986 (the date appellant was charged with driving with a suspended driver's

---

1. We note that the trial court entered judgment of sentence prior to the filing and disposition of post-trial motions. This Court has consistently condemned this practice since it is in contravention of established procedural law. *See Commonwealth v. Pringle*, 304 Pa.Super. 67, 450 A.2d 103 (1982); *Commonwealth v. Straff*, 295 Pa.Super. 205, 441 A.2d 421 (1982). The proper procedure is to permit a defendant to file timely post-trial motions after the verdict is rendered, but before sentence is imposed. *See Commonwealth v. Picker*, 293 Pa.Super. 381, 439 A.2d 162 (1981); Comment to Pa.R.Crim.P. 1123.

In the instant case, however, we find that appellant was not prejudiced by this procedural error. *See Commonwealth v. Hurst*, 367 Pa.Super. 214, 532 A.2d 865 (1987) (although trial court improperly pronounced verdict and sentence simultaneously, appellant was not prejudiced since appellant's post-trial motions were eventually ruled upon by the trial court). On April 14, 1987, the trial court permitted appellant to file post-trial motions *nunc pro tunc* and appellant filed a motion for new trial and a motion in arrest of judgment on that same day. We recognize that neither the docket entries nor the record contain an order disposing of appellant's post-verdict motions. Nonetheless, we find it unnecessary to remand the case to the trial court for consideration of the merits of appellant's post-trial motions since the trial court's March 23, 1987 opinion addressed the arguments that

license), he was not operating a vehicle with a suspended driver's license. Specifically, appellant argues that his license had been restored because the district justice dismissed the charge under Section 1547(b) (suspension for refusal to submit to a chemical test) and the Department accepted his payment of the license restoration fee. We disagree.

 First, the district justice's dismissal of the criminal complaint against appellant did not affect the Department's suspension of his operating privilege for violation of 75 Pa.C.S.A. § 1547(b). A driver's operating privilege can be suspended pursuant to 75 Pa.C.S.A. § 1547 by the Department for refusal to submit to a chemical test regardless of the disposition of any criminal charges against the driver of the vehicle because the proceeding is civil and totally separate from the criminal proceeding. *See Hando v. Commonwealth,* 84 Pa.Commw. 63, 478 A.2d 932 (1984); *Wisniewski v. Commonwealth,* 73 Pa.Commw. 318, 457 A.2d 1334 (1983). *See also* 75 Pa.C.S.A. § 1547(b) ("... upon notice by the police officer, the *department* shall suspend the operating privilege of the person for a period of 12 months.") (emphasis added). The trial court correctly addressed appellant's contention by stating:

> Contrary to the Defendant's contention, the inclusion of the citation for a violation of 1547 on the criminal complaint was merely excess verbage [sic]. The police were not required to add this information to the complaint and the dismissal of the complaint had no effect on this charge. The statute shows that the entire procedure is an administrative step and does not contemplate an appearance before the District Justice.

Trial. ct. op. at 2.

 Second, appellant's payment of the restoration fee to the Department did not automatically restore his operating privilege. Section 1541 of the Vehicle Code provides:

appellant raised in his post-trial motions. Even though the trial court's opinion was filed before appellant filed his post-trial motions, the trial court's opinion disposes of the identical issues that were later raised in appellant's post-trial motions.

(b) Eligibility for restoration of operating privilege.— Any person whose operating privilege has been revoked or suspended shall not be eligible for the restoration of the operating privilege *until the expiration of the period of revocation or suspension.*

75 Pa.C.S.A. § 1541(b) (emphasis added). In the instant case, appellant's period of suspension was from May 13, 1985 until May 13, 1986. We find that the trial court correctly concluded that appellant's payment of the restoration fee in August of 1985 did not alter the period of suspension on his operating privilege.

Appellant next contends that the Commonwealth failed to establish beyond a reasonable doubt that appellant had actual notice of the suspension of his operator's license. Appellant maintains that he received the initial notice from the Department, dated May 13, 1985, but that he assumed his driving privilege had been restored since he believed that the district justice had dismissed the Section 1547(b) charge and that the Department had accepted his restoration fee. In essence, appellant argues that further notice of his suspension should have been given by the Department.

■ In order to attain a conviction under Section 1543(b), the Commonwealth must prove beyond a reasonable doubt that the defendant had actual notice of the suspension of his operator's license. *See Commonwealth v. Martin*, 346 Pa.Super. 129, 499 A.2d 344 (1985). In *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975), our Supreme Court stated that evidence that a notice of suspension had been mailed, standing alone, is not sufficient to prove beyond a reasonable doubt that the defendant had actual notice of his suspension. "However, where there is additional evidence, for example that the defendant returned his license to the Bureau of Traffic Safety [Department] pursuant to 75 Pa.C.S. § 1541, then the evidence may be sufficient to demonstrate actual notice." *Martin*, 346 Pa.Super. at 143, 499 A.2d at 351.

In the case at bar, we find that the trial court properly held that appellant had actual notice of his license suspen-

sion. First, appellant concedes, in his brief, that he received notice of the suspension from the Department in May of 1985. Secondly, appellant surrendered his license to the Department in response to the notice of suspension he received in May of 1985. Finally, appellant did not have his driver's license when he was stopped for a traffic violation on January 2, 1986. Rather, appellant handed the police officer a New Jersey driver's license in appellant's name. The fact that appellant was driving without his license in January of 1986 indicates that he was aware of his legal inability to drive at that time. *See Commonwealth v. Gray*, 356 Pa.Super. 299, 514 A.2d 621 (1986), *appeal denied*, 514 Pa. 638, 523 A.2d 345 (1987). Appellant's contention that the Department had a responsibility to give him a second notice of his license suspension is unfounded. Accordingly, we are satisfied that the trial court properly found that the Commonwealth proved beyond a reasonable doubt that appellant received actual notice of his suspension.

Appellant's last contention is that the doctrine of equitable estoppel bars the Commonwealth from claiming that appellant was operating a motor vehicle while his operating privilege was suspended. Specifically, appellant maintains that the doctrine of equitable estoppel applies because the Department induced him into believing that the district justice dismissed the Section 1547(b) charge and that his driving privilege had been restored.

■ Appellant, however, fails to cite any authority applying the doctrine of equitable estoppel in a criminal matter. In *Commonwealth v. Weddington*, 514 Pa. 46, 522 A.2d 1050 (1987), our Supreme Court stated: "Laches is an equitable concept which has no place in the criminal law." *Id.*, 514 Pa. at 50, 522 A.2d at 1052. Similarly, equitable estoppel is a doctrine sounding in equity. *See Novelty Knitting Mills, Inc. v. Siskind*, 500 Pa. 432, 457 A.2d 502 (1983). Accordingly, the doctrine of equitable estoppel has

no place in the criminal law. For this reason, appellant's claim must fail.

Judgment of sentence affirmed.