J-S17001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL ANOTHONY GERACE, JR. | : | |
| | : | |
| Appellant | : | No. 1579 MDA 2019 |

Appeal from the Judgment of Sentence Entered September 3, 2019
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000865-2019

BEFORE: PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:     **FILED: APRIL 27, 2020**

Michael Anthony Gerace, Jr. appeals from the judgment of sentence, to an aggregate term of 8 to 18 months' imprisonment, in the Court of Common Pleas of Cumberland County, following his conviction of one count each of driving under the influence — general impairment (DUI)[1] and driving under suspension — DUI-related (DUS).[2] On appeal, Appellant claims the evidence was insufficient to sustain his conviction for DUS and his sentence for DUS was illegal. Appellant does not raise any challenge to his DUI conviction or sentence. After review, we affirm in part, vacate in part, and remand for a new sentencing hearing.

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 75 Pa.C.S.A. § 1543(b)(1.1)(ii).

On December 31, 2018, at approximately 4:00 p.m., Police Officer Chad McClure of the Upper Allen Township Police Department was on routine patrol when he observed a car, driven by Appellant, pull into the parking lot of a local park and stop in front of a concession stand. Officer McClure watched as Appellant exit the car, urinated against the side of the concession stand, and reenter the car.

Officer McClure approached the car and directed Appellant to put down his window. When Appellant did so, Officer McClure smelled a moderate odor of alcohol. Officer McClure was unable to obtain a driver's license from Appellant but did obtain biographical data, which he ran through the Department of Transportation's database. This search revealed Appellant's license had been suspended and the suspension was DUI-related. Officer McClure also observed Appellant's speech was slurred. Appellant admitted to drinking one beer.

Officer McClure conducted field sobriety tests, which Appellant failed. A preliminary breath test indicated the presence of alcohol. Following the breath test, Appellant admitted he had two shots of brandy, then amended his statement to say the shots were larger than normal. Appellant refused to submit to a blood test and refused to sign the chemical testing form. Appellant stated to Officer McClure he knew his license was suspended because of a prior DUI.

On May 7, 2019, the Commonwealth filed a criminal information charging Appellant with DUI and DUS, as well as a count of open lewdness.[3] A jury trial took place on July 30, 2019. At the close of the Commonwealth's case, the trial court granted defense counsel's motion to dismiss the charge of open lewdness. Subsequently, the trial court convicted Appellant of DUI and the jury convicted him of DUS. Following receipt of a pre-sentence investigation report, on September 3, 2019, the trial court sentenced Appellant to two to six months of imprisonment for the DUI conviction, and a consecutive sentence of six to 12 months for the DUS conviction. Appellant did not file any post-sentence motions.

Appellant filed a timely notice of appeal on October 1, 2019. On October 2, 2019, the trial court ordered him to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed a timely Rule 1925(b) statement on October 23, 2019. On March 6, 2020, the trial court filed an opinion.

In his first issue on appeal, Appellant challenges the sufficiency of the evidence underlying his conviction for DUS. Appellant's Amended Brief, at 4. Specifically Appellant complains the Commonwealth failed to prove his blood alcohol content (BAC) was .02% or greater and it did not prove Appellant

---

[3] 18 Pa.C.S.A. § 5901.

knew he had a DUI-related suspension. **See** Appellant's Amended Brief, at 10, 12-22. We disagree.

Our standard of review for a challenge to the sufficiency of the evidence is as follows:

> The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary. In assessing [a] sufficiency challenge, we must determine whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Edwards*, 177 A.3d 963, 969-970 (Pa. Super. 2018) (quotation marks and citations omitted). Moreover, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011) (citation omitted).

Prior to assessing the merits of Appellant's sufficiency claim, we must determine if it is properly before us. We are constrained to conclude Appellant waived his sufficiency claim, because his Rule 1925(b) statement did not sufficiently identify the claims he intended to raise on appeal.

It is well-established any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. **See Commonwealth v. Lord**,

719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. *See* ***Commonwealth v. Dowling***, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all").

> If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

***Commonwealth v. Tyack***, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted).

In this case, Appellant's Rule 1925(b) statement simply declared the evidence was insufficient to demonstrate that he had a BAC of .02% or greater and/or he had notice of a prior DUI suspension. *See* Appellant's Concise Statement of Errors Complained of on Appeal, 10/23/19, at unnumbered page 1. There was simply no way for the trial court to discern from this vague statement Appellant was advancing the novel claims that unless he refused

- 5 -

both a breath and a blood test it did not constitute a refusal, there could not be a refusal where the Commonwealth had probable cause to seek a warrant for a blood test, and his prior suspension was not DUI-related because it was for a refusal of chemical testing. Appellant's Amended Brief, at 14-22. Because of this, the trial court did not address these contentions in its opinion. *See* Trial Court Opinion, 3/06/20, at 1-5. Therefore, we must conclude Appellant waived his sufficiency of the evidence claim on appeal. ***See Commonwealth v. Williams***, 959 A.2d 1252, 1257-1258 (Pa. Super. 2008).

In any event, Appellant's sufficiency of the evidence claim lacks merit. As noted above, under Section 1543(b)(1.1) the Commonwealth was required to prove either Appellant had a BAC of .02% or greater or he refused chemical testing. ***See*** 75 Pa.C.S.A. § 1543(b)(1.1).

The jury convicted Appellant of violating 75 Pa.C.S.A. § 1543, which provides in pertinent part:

> A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing or who at the time of testing has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or its metabolite **or who refuses testing of blood or breath** and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 . . .

75 Pa.C.S.A. § 1543(b)(1.1)(i) (emphasis added).

Here, defense counsel acknowledged at trial, the Commonwealth only sought to prove a refusal. **See** N.T. Trial, 7/30/19, at 40. As a result, the Commonwealth was not required to prove Appellant's BAC.

Moreover, Appellant's contention the Commonwealth had to prove he refused both a blood and a breath test is belied by the plain text of the statute, which states a person violates it if he or she "refuses testing of blood **or** breath." 75 Pa.C.S.A. § 1543(b)(1.1)(i) (emphasis added). The Commonwealth presented evidence that Appellant refused a blood test, which is all the law requires. N.T. Trial, 7/30/19, at 29-31. Further, Appellant provides no legal support for the claim that, in the face of a refusal, the Commonwealth is required to obtain a warrant for a blood test in order to prove his BAC. To graft such a requirement onto the statute would render the refusal clause meaningless and we decline to accept Appellant's invitation to do so.

Appellant's notice argument is equally unavailing. Appellant concedes he was driving with a suspended license. Appellant's Amended Brief, at 21. Officer McClure testified at trial, without contradiction, Appellant told him he knew the suspension was DUI-related. N.T. Trial, 7/30/19, at 31. Appellant maintains, however, under the United States Supreme Court's decision in **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016), a suspension for refusal

of chemical testing cannot be considered DUI-related because it is not proof of criminality. Appellant's Amended Brief, at 21-22. We disagree.

In **Birchfield**, "the Supreme Court of the United States held that a state cannot impose criminal penalties upon an individual who refuses to submit to a warrantless blood test because such penalties violate an individual's Fourth Amendment ... right to be free from unreasonable searches[.]" **Commonwealth v. Giron**, 155 A.3d 635, 639 (Pa. Super. 2017) (citation omitted). However, the DUS statute does not require that Appellant have been convicted of and criminally punished for a previous DUI, merely that he be aware that his license was suspended due to a DUI violation. Even before **Birchfield**, the suspension of driving privileges for violating 75 P.S. § 1547 was a civil consequence, not a criminal penalty. **See Commonwealth v. Shinn**, 534 A.2d 515, 517 (Pa. Super. 1987). Therefore, even if it was not waived, Appellant's sufficiency of the evidence claim would not merit relief.

In his second issue, Appellant claims his sentence is illegal because: (1) while he had a prior conviction under 75 Pa.C.S.A. § 1543(b), it was not under 75 Pa.C.S.A. § 1543(b)(1.1)(i); and (2) his sentence runs afoul of the decision in **Birchfield**. Appellant's Amended Brief at, 23-26. The trial court agrees with Appellant and requests we remand the matter for resentencing. Trial Ct. Op., at 5.

"Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review

over such questions is *de novo* and our scope of review is plenary."

***Commonwealth v. Hawkins***, 45 A.3d 1123, 1130 (Pa. Super. 2012), *appeal*

*denied*, 53 A.3d 756 (Pa. 2012) (citation omitted). Even though Appellant did

not raise this issue at his sentencing hearing, he has not waived this argument

on appeal. ***See Commonwealth v. Foster***, 17 A.3d 332, 345 (Pa. 2011).

We acknowledge:

> Our task is guided by the sound and settled principles set forth in the Statutory Construction Act, including the primary maxim that the object of statutory construction is to ascertain and effectuate legislative intent. 1 Pa.C.S.[A.] § 1921(a). In pursuing that end, we are mindful that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.[A]. § 1921(b). Indeed, "[a]s a general rule, the best indication of legislative intent is the plain language of a statute." In reading the plain language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage," while any words or phrases that have acquired a "peculiar and appropriate meaning" must be construed according to that meaning. 1 Pa.C.S.[A.§] 1903(a). However, when interpreting non-explicit statutory text, legislative intent may be gleaned from a variety of factors, including, *inter alia*: the occasion and necessity for the statute; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; and the contemporaneous legislative history. 1 Pa.C.S.[A.] § 1921(c). Moreover, while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S.[A] § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant.

> Notwithstanding the primacy of the plain meaning doctrine as best representative of legislative intent, the rules of construction offer several important qualifying precepts. For instance, the Statutory Construction Act also states that, in ascertaining legislative intent, courts may apply, *inter alia*, the following presumptions: that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable; and that the legislature intends the entire statute to be effective

and certain. 1 Pa.C.S.[A.] § 1922(1),(2). Most importantly, the General Assembly has made clear that the rules of construction are not to be applied where they would result in a construction inconsistent with the manifest intent of the General Assembly. 1 Pa.C.S.[A.] § 1901.

***Commonwealth v. Wilson***, 111 A.3d 747, 751 (Pa. Super. 2015) (case citation omitted).

At issue here is the construction of section 1543(b)(1.1)(ii). The trial court sentenced Appellant pursuant to section 1543(b)(1.1)(ii), which provides in pertinent part:

A second violation of **this paragraph** shall constitute a misdemeanor of the third degree, and upon conviction thereof the person shall be sentenced to pay a fine of $2,500 and to undergo imprisonment for not less than six months.

75 Pa.C.S.A. § 1543(b)(1.1)(ii) (emphasis added). The dispute centers upon the meaning of the phrase "this paragraph."

Appellant contends the phrase only refers to 75 Pa.C.S.A. § 1543(b)(1.1)(i) and, therefore, in order for a court to sentence Appellant under Section 1543(b)(1.1)(ii), Appellant must have a prior conviction under Section 1543(b)(1.1)(i).

The Commonwealth disagrees, asserting the phase "this paragraph" includes all of Section 1543(b) and, therefore, so long as Appellant has a prior conviction under either Section 1543(b)(1)(i) or 1543(b)(1.1)(i), the trial court can sentence him as a second offender pursuant to Section 1543(b)(1.1)(ii). Neither party cites any legal authority in support of their

respective positions. However, our review of the relevant statue constrains us to agree with Appellant.

Sections 1543(b)(1) and 1543(b)(1.1) set out separate crimes with separate sentencing schemes. Section 1543(b)(1)(i) concerns individuals who drive while a license is suspended. A first offense is "a summary offense and [is punishable by] a fine of $500 and . . . imprisonment for a period of not less than 60 days nor more than 90 days. 75 Pa.C.S.A. § 1543(b)(1)(i). A second violation is also a summary offense and is punishable by "a fine of $1,000 and . . . imprisonment for not less than 90 days." *Id.* at § (1)(ii).

Conversely, Section 1543(b)(1.1) concerns an individual who drives under the influence of drugs or alcohol and/or refuses chemical testing while his or her license is suspended. A first violation is a summary offense punishable by "a fine of $1,000 and . . . imprisonment for a period of not less than 90 days." 75 Pa.C.S.A. § 1543(b)(1.1)(i). A second violation is a **misdemeanor** punishable by "a fine of $2,500 and . . . imprisonment for not less than six months." 75 Pa.C.S.A. § 1543(b)(1.1)(ii).

Clearly, the legislature considered driving with a suspended license a less serious offense than driving under the influence with a suspended license. Accordingly, it enacted entirely separate and distinct sentencing provisions for each offense. To interpret the phrase "this paragraph" in the manner requested by the Commonwealth would be to render the distinct sentencing schemes set forth in Section 1543(b) meaningless.

We note our concern that, in cases such as this one, Appellant is, in essence, getting a reduction in sentencing because he violated different sections of the same statute on two separate occasions. However, it is for the legislature not this Court to resolve the problem of this discrepancy which is not addressed in Section 1543. We are reluctantly constrained to vacate Appellant's judgment of sentence.[4] Though we affirm Appellant's conviction for driving under suspension, we vacate the determination Appellant is a second offender under Section 1543(b)(1.1)(ii), and remand for resentencing. Since Appellant's sentences were imposed consecutively, our disposition disturbs the court's aggregate sentencing scheme, and we therefore remand for resentencing on both counts.

Judgment of sentence affirmed in part and vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/27/2020

---

[4] Because we vacate Appellant's sentence based upon his argument he was wrongly sentenced as a second offender under Section 1543(b)(1.1)(ii), we need not address his claim the sentence runs afoul of the decision in **Birchfield**.