J-A02042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIELLE NICOLE RILEY | : | |
| | : | |
| Appellant | : | No. 410 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 22, 2025
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000901-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIELLE NICOLE RILEY | : | |
| | : | |
| Appellant | : | No. 411 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 22, 2025
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000903-2024

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIELLE NICOLE RILEY | : | |
| | : | |
| Appellant | : | No. 412 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 22, 2025
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000900-2024

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: May 7, 2026**

Danielle Nicole Riley ("Riley") appeals from the judgment of sentence entered by the Mercer County Court of Common Pleas ("trial court") following her convictions in three separate cases of violating section 1543(b)(1)(iii) of the Vehicle Code—driving a motor vehicle at a time when her operating privileges were suspended related to enumerated violations relating to driving under the influence ("DUI"), third or subsequent offense.[1]  Upon review, we affirm.

**Underlying Facts and Procedural History**

The trial court conducted three separate bench trials consecutively on the same day.  At docket number CP-43-CR-0000903-2024, Officer Russell Chase from the Jefferson Township Police Department testified that he observed Riley operating a vehicle February 3, 2024, when she returned to her residence while police were executing a search warrant.  Police had recovered drug paraphernalia and multiple pills suspected to be Lorazepam, a controlled substance.  She admitted that her license was suspended and to buying Lorazepam.

---

[1] **See** 75 Pa.C.S. § 1543(b)(1)(iii).  We consolidated the cases on appeal sua sponte.  Unrelated to this appeal, she was also charged with, and convicted of, possession of a controlled or counterfeit substance and possession of drug paraphernalia.  **See** 35 P.S. § 780-113(a)(16), (30).

At CP-43-CR-0000901-2024, Meghan Mikalo ("Mikalo"), an acquaintance who was aware of Riley's suspended license, testified that she unsuccessfully attempted to prevent Riley from driving and taking a vehicle without authorization from the residence of Mikalo's mother on March 6, 2024. Pymatuning Township Police Officer Charles Snider, who responded to Mikalo's call, testified that he observed Riley seated in the driver's side of the vehicle on the side of the highway.

At CP-43-CR-0000900-2024, Sergeant Benjamin Schaffer, a school resource officer, testified that he observed Riley operating her vehicle on the premises of an elementary school on March 11, 2024.

Upon running Riley's driver history after each incident, the testifying officers confirmed that Pennsylvania's Department of Transportation ("PennDOT") had suspended Riley's operating privileges. Through introduction of Commonwealth Exhibit 1—Riley's PennDOT Bureau of Driver Licensing Certified Driver History, dated December 12, 2024—the Commonwealth established that at the time of the three incidents, she was in the midst of a one-year suspension, effective June 28, 2023, of which she had received official notice in January 2023. The exhibit further reflected that PennDOT imposed that suspension for a prior violation of section 1543(b) on November 26, 2022. Riley also had previous license suspensions in the years leading up to her most recent suspension, including a one-year suspension

beginning May 19, 2020, relating to a chemical test refusal for a suspected DUI[2] on March 6, 2020.

To support its assertion that each of the current charges constituted third or subsequent offenses under section 1543(b)(1)(iii) and that Riley was aware of the suspended status of her license, the Commonwealth presented certified records of two prior convictions for section 1543(b)(1) violations, including the one triggering the license suspension at issue:

- MJ 35201-TR-0000105-2022: On June 16, 2022, Riley was convicted of 75 Pa.C.S. § 1543(b)(1)(i), a first violation of driving while suspended—DUI related, as the result of an incident that occurred on March 8, 2022.

- MJ 35202-TR-0001328-2022: On January 9, 2023, Riley pled guilty to 75 Pa.C.S. § 1543(b)(1)(i), driving while suspended—DUI related, as a result of an incident that occurred on November 26, 2022.

Following its receipt of this evidence, the trial court found Riley guilty of all charges on each of the three dockets.

Prior to the January 22, 2025 sentencing hearing, Riley changed counsel, and at the outset of the hearing, Riley's new counsel argued that the Commonwealth produced insufficient evidence to prove that she had refused chemical testing pursuant to section 1547, which Riley contended was an element of section 1543(b). **See** N.T., 1/22/2025, at 6-7. She argued that because she had not been convicted of an associated DUI when she allegedly refused the chemical testing, no court had ever made a judicial finding of refusal, requiring the Commonwealth to prove her refusal beyond a reasonable

_____

[2] **See** 75 Pa.C.S. § 1547(b), discussed in detail below.

doubt as part of this trial.  *See id.*  The trial court denied the motion, ruling that Riley cannot relitigate the underlying offense that resulted in her license suspension and that her driving record sufficiently established that Riley's license had been suspended.  *Id.* at 8-9.

The trial court then sentenced Riley to pay the mandatory fines and to serve three concurrent terms of six to twelve months of incarceration at the Mercer County Jail.  It also imposed two one-year terms of probation for each drug-related offense to run concurrently with each other but consecutive to her incarceration terms.

Riley filed post-sentence motions for a new trial pursuant to Pa.R.Crim.720(B)(1)(a)(iv) at each docket.  She asserted that the trial court erred by convicting her of section 1543(b)(1)(iii) because by doing so, it subjected her to an enhanced criminal penalty based upon her refusal to submit to a blood test in violation of *Birchfield v. North Dakota*, 579 U.S. 438 (2016) (holding that the Fourth Amendment prohibits warrantless blood tests of individuals suspected of DUI).  In her accompanying brief, she also reasserted her argument that the Commonwealth failed to prove her prior refusal.  By opinion and order entered on March 21, 2025, the trial court denied her motion.

This appeal followed.  Both Riley and the trial court complied with Pa.R.A.P. 1925.  In Riley's concise statement of matters complained of on appeal, she raised the *Birchfield* issue as her sole claim, phrasing the matter

identically to her motion for a new trial. In her brief before this Court, Riley claims that "the [t]rial court erred in convicting [Riley] of 75 Pa.C.S. § 1543(b)(1)(iii), based upon an enhanced penalty upon a refusal to submit to a blood test." Riley's Brief at 7.

## Argument

We begin with the unfortunate observation that Riley's appellate presentation has hindered our review to some extent. At the outset, we note with strenuous disapproval that she mischaracterizes the holdings of several cases upon which she relies at various points in her argument. *See, e.g.,* Riley's Brief at 20 (referring to the court's summary of a party's argument as the holding of *Boseman v. Dep't. of Transp., Bureau of Driver Licensing,* 157 A.3d 10 (Pa. Cmwlth. 2017)); *id.* at 22 (representing, without citation, that "*Birchfield* specifically stated" a particular assertion that appears nowhere in the case); *id.* (collapsing disparate points in *Commonwealth v. Eid*, 249 A.3d 1030 (Pa. 2021), into a purported holding).

Further, substantively, Riley's question presented and her argument are nonspecific regarding the legal nature of the issue that she presents and the precise relief she is seeking. She is not clear whether she is challenging her conviction, her sentence, or both. This problem is exacerbated by her intermingling of legal concepts and cases premised upon different constitutional provisions, which likewise permeated her arguments in the trial

court.[3] Riley's argument centers upon her contention that the act of refusing a chemical test is an element of her current crime. From this, she toggles between arguments referencing **Alleyne**/**Apprendi** and **Birchfield**, seminal cases involving different constitutional provisions and protections.[4] Although we could find these flaws in her advocacy to be fatal to her claim, we endeavor to discern and address her arguments to the extent possible.

_____

[3] For example, although at one point Riley seems to be arguing that the trial court unconstitutionally enhanced her sentence without the requisite proof—thereby violating the Sixth Amendment's right to a jury trial and the Fourteenth Amendment's right to due process as interpreted by **Alleyne**—she repeatedly cycles back to her contention that introducing her driving record as "substantive and conclusive evidence" that she previously refused a chemical test actually violates the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution pursuant to **Birchfield** and **Eid**. **See id.** at 18, 22-23.

[4] While **Birchfield** is premised upon the Fourth Amendment right to privacy, **Alleyne** and **Apprendi** are based upon the Sixth Amendment right to a jury trial and a defendant's right to notice of the charges against him as a matter of due process. **See Alleyne v. United States**, 570 U.S. 99, 103-04, 111 (2013), and **Apprendi v. New Jersey**, 530 U.S. 466, 490 (2000) (collectively holding that any fact that by law increases the maximum or mandatory minimum penalty for a crime, except for a prior conviction, is an element that must be submitted to the jury and found beyond a reasonable doubt, because the Sixth Amendment and the Due Process Clause require that the Commonwealth prove all elements of a crime to a jury beyond a reasonable doubt). Although the **Alleyne**/**Apprendi** argument was not included in Riley's 1925(b) statement, claims implicating the propriety of an enhanced sentence under **Alleyne** and **Apprendi** are not waivable on direct appeal, as they implicate the legality of the sentence. **See Commonwealth v. Monarch**, 200 A.3d 51, 57 (Pa. 2019) (holding that, in addition to being illegal pursuant to **Birchfield**, defendant's enhanced mandatory minimum sentence was also illegal pursuant to **Alleyne** because jury was not asked to find beyond a reasonable doubt that defendant refused to submit to chemical testing, and because this issue implicates legality of sentence, the Court could raise it sua sponte without regard to issue preservation).

As we understand it, Riley advances two main arguments on appeal. First, she contends that her "prior alleged refusal to submit to chemical testing was an element of the offense and should have been proven beyond a reasonable doubt" pursuant to *Alleyne* and *Apprendi*. Riley's Brief at 16, 18. Because she was not convicted of DUI in conjunction with the 2020 suspension, her refusal was never proven beyond a reasonable doubt, and the trial court made its finding that Riley previously refused to submit to chemical testing "based upon a lesser standard of proof." *Id.* at 13, 17.

Second, Riley asserts that her conviction of driving under suspension here criminalized her prior refusal to submit to chemical testing in violation of *Birchfield*. *Id.* at 18-20. According to Riley, in *Eid*, our Supreme Court struck down another provision of section 1543 as violative of *Birchfield* because it made refusal to submit to a blood test instead of a breath test, an element of a crime. *Id.* at 22. She therefore contends that the trial court "erred in imposing a criminal penalty for [her] refusal and/or for utilizing [her] refusal as an element of the offense or to enhance the penalty." *Id.* at 23.

### Trial Court Opinion

In its 1925(a) opinion, the trial court adopted and incorporated its analysis from its decision denying Riley's post-sentence motion. Trial Court Opinion, 5/15/2025, at 4 (pagination supplied). Therein, the court found as follows:

> [Riley] contends the conviction constitutes an "enhanced criminal penalty based upon a refusal to submit to a blood test."

This argument is misplaced. [Riley]'s conviction does not arise from a penalty related to her refusal to submit to a blood test but rather from [Riley]'s repeated acts of driving while her license was suspended. Therefore, [Riley]'s assertions are wholly inapplicable. The civil suspension of [Riley]'s license was lawfully imposed pursuant to Pennsylvania law, and said civil suspension only became criminal due to [Riley]'s deliberate disregard for those legal restrictions repeatedly operating a vehicle while her driving privileges remained suspended.

[Riley] further contends the evidence relating to her prior refusal to submit to a blood test should have been submitted to a jury and proven beyond a reasonable doubt, relying on **Apprendi** and **Alleyne**. However, neither ruling applies to the present case. **Apprendi** expressly permits judicial consideration of prior convictions without necessitating a jury determination. The sentencing provision at issue, 75 Pa.C.S.[] § 1543(b)(1)(iii), enhances penalties based on prior convictions, squarely falling within this well-established exception. Similarly, **Alleyne** does not apply, as the Court is not making an independent factual determination to impose a higher mandatory minimum. Rather, the statute mandates the sentencing consequences as a matter of law, based on [Riley]'s criminal history. As prior convictions are already established through due process, they do not require a jury finding. Accordingly, [Riley]'s arguments are without legal foundation, and [Riley] is not entitled to a new trial.

Trial Court Opinion, 3/19/2025, at 7-8 (pagination supplied).

## Applicable Law

At base, Riley's claims require us to interpret several provisions of the Vehicle Code. We engage in a de novo review, guided by the Statutory Construction Act.[5] **Commonwealth v. Clayborne**, ___A.3d ___, 2026 WL 848298, *8 (Pa. Super. 2026). The primary directive therein is for courts "to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.

---

[5] 1 Pa.C.S. §§ 1501-1991.

§ 1921(a). In so doing, the plain language of the statute—its "common and approved meaning"—controls: "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* §§ 1903(a), 1921(b).

First, by way of background, as a condition of driving in Pennsylvania, drivers are "deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance." 75 Pa.C.S. § 1547(a). For this implied consent law to apply, the police officer must have "reasonable grounds to believe" that the person drove in violation of the laws pertaining to DUI. *Id.* The reasonable grounds test is "not demanding" and "requires even less proof than what is necessary to establish probable cause for a criminal prosecution." *Hufnagle v. Dep't of Transp., Bureau of Motor Vehicles*, 343 A.3d 388, 395 (Pa. Cmwlth. 2025).

While the implied consent law permits motorists to refuse a testing request, "the statute discourages refusal by imposing consequences upon the exercise of that right, including driver's license suspension, authorization to use the refusal as evidence of guilt in a future DUI prosecution, and imposition of enhanced criminal penalties upon the refusal to submit to breath testing, but not blood testing." *Commonwealth v. Hunte*, 337 A.3d 483, 489 (Pa. 2025) (citing 75 Pa.C.S. § 1547(b)(1), (b)(2)(ii), (e)). Chemical testing of a person's blood or breath for the purpose of investigating a violation of DUI

laws constitutes a search. *Id.* at 508. Under both the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution, "searches conducted in the absence of a search warrant are per se unreasonable, unless they satisfy one of the recognized exceptions to the warrant requirement." *Id.* at 498.

Pursuant to *Birchfield*, police may lawfully test a person's breath without a warrant as a search incident to a DUI arrest. *Birchfield*, 579 U.S. at 476. To conduct a blood test, however, police must obtain a warrant, as it is significantly more invasive than a breath test. *Id.* at 474-75. States cannot bypass the warrant requirement by using implied consent statutes to impose criminal consequences: "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *Id.* at 477. Therefore, pursuant to *Birchfield*, the Fourth Amendment prohibits the government from subjecting a person to a criminal conviction or enhanced criminal penalties for refusing a warrantless blood test. *Monarch*, 200 A.3d at 57.

While prohibiting criminal consequences for chemical testing refusal, the *Birchfield* Court concomitantly reaffirmed its prior decisions referring "approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply." *Birchfield*, 579 U.S. at 476-77. Thus, "so long as th[e] consequences do not extend to criminal punishment for refusing a warrantless blood draw,"

*Birchfield* permits states to impose civil penalties and evidentiary consequences upon refusal. *Hunte*, 337 A.3d at 511.

One such civil consequence under Pennsylvania's implied consent law is suspension of a motorist's license. Section 1547 requires PennDOT, upon notice by the police officer, to suspend the operating privilege of any person placed under arrest for enumerated DUI-related violations who refuses a request to submit to chemical testing. 75 Pa.C.S. § 1547(b), (b.1). A license suspension is a collateral civil consequence of a criminal conviction, not a criminal penalty. *Commonwealth v. Duffey*, 639 A.2d 1174, 1176 (Pa. 1994). Because license suspension is a mandatory civil consequence of refusing to submit to a chemical test, it occurs regardless of the disposition of any criminal charges against the driver arising from the same incident. *Commonwealth v. Shinn*, 534 A.2d 515, 517 (Pa. Super. 1987).

Collateral obligations, while civil in nature, may impose further requirements that, if not followed, subject the offender to criminal penalties. *Commonwealth v. Peralta*, 311 A.3d 1, 10 (Pa. Super. 2024). Thus, while refusing a chemical test is not a crime under the implied consent law, *see Boseman*, 157 A.3d at 20, driving with a suspended license for refusing a chemical test—or for many other reasons—is. *See* 75 Pa.C.S. § 1543.

This brings us to section 1543 of the Vehicle Code, which, at the time of Riley's offenses, provided, in relevant part:

> **§ 1543. Driving while operating privilege is suspended or revoked**

- 12 -

**(a) Offense defined.**--Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction or adjudication of delinquency, be sentenced to pay a fine of $200.

**(b) Certain offenses.**--

(1) The following shall apply:

(i) **A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked** as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, **because of a violation of section 1547(b)(1) (relating to suspension for refusal)** or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

(ii) A second violation of this paragraph shall constitute a summary offense and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for not less than 90 days.

(iii) A **third or subsequent violation** of this paragraph shall constitute a **misdemeanor of the third degree** and, upon conviction of this paragraph, a person **shall be sentenced to pay a fine of $2,500 and to undergo imprisonment for not less than six months**.

75 Pa.C.S. § 1543(a), (b)(1) (version effective from January 3, 2024, to December 21, 2025) (emphasis added).

Subsection (a) sets forth the general crime of driving with a suspended, revoked, or cancelled license. ***See id.*** § 1543(a). Subsection (b) applies in lieu of subsection (a) when the suspension or revocation is DUI-related, stemming from a DUI, chemical testing refusal, or similar offenses in other jurisdictions. ***See id.*** § 1543(a), (b)(1)(i). The act of driving during a DUI-related suspension is criminalized in paragraph (1) with prescribed grading and escalating penalties for recidivist offenders. ***Id.*** § 1543(b)(1)(i)-(iii).

For paragraph (b)(1)(iii) to apply, the Commonwealth needed to prove that the driver committed "[a] third or subsequent violation of this paragraph." ***Id.*** § 1543(b)(1)(iii). The phrase "this paragraph" refers to paragraph (1). ***See Commonwealth v. Farabaugh***, 128 A.3d 1191, 1196 (Pa. 2015) (explaining that the "word 'paragraph' is a technical term with a specific meaning," and when the General Assembly uses Arabic numerals in a statute and the phrase "for purposes of this paragraph," it intends to refer to the numbered paragraph and not the entire section). By its plain language, to prove the offense under paragraph (1), the Commonwealth needed to prove that Riley is a person who drove when her operating privilege was suspended, in relevant part, "because of a violation of section 1547(b)(1)." 75 Pa.C.S. § 1543(b)(1)(i).[6]

_____

[6] Additionally, as a matter of due process, our Supreme Court has interpreted section 1543(b) as requiring the Commonwealth to prove "that the defendant had actual notice that his license had been suspended or revoked," which the

*(Footnote Continued Next Page)*

**Analysis**

We conclude that none of Riley's claims entitle her to relief. Where Riley veers off course in her first argument is her contention that the refusal to submit to chemical testing itself is an element of section 1543(a). Not so. The crime is not the driver's previous refusal of chemical testing or even the violation of section 1547(b)(1); the crime is driving with the knowledge that her operating privileges are suspended because of a violation of section 1547(b)(1). **See Peralta**, 311 A.3d at 8-9 (opining that the decision to drive while being aware of a restriction is what creates liability under section 1543(b) and similar statutes); **Commonwealth v. Gerace**, 236 A.3d 1126, at *3 (Pa. Super. 2020) (non-precedential decision) (rejecting argument that crime of driving under a DUI-related suspension requires that motorist "have been convicted of and criminally punished for a previous DUI"; statute merely requires awareness that license was suspended due to a DUI violation). This the Commonwealth unquestionably proved beyond a reasonable doubt. Through witness testimony, Riley's certified driving record, and certified records of her two prior convictions for violating section 1543(b)(1), the

_____

factfinder may infer from "a collection of facts and circumstances," so long as there is evidence beyond PennDOT's mailing of the notice. **Commonwealth v. Vetrini**, 734 A.2d 404, 407 (Pa. 1999); **Commonwealth v. Zimmick**, 653 A.2d 1217, 1221 (Pa. 1995) (including amongst factors showing notice "statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended"). Riley does not contest this aspect of her convictions.

Commonwealth established that her license was previously suspended based upon her violation of section 1547(b)(1) and that she nonetheless operated a motor vehicle with knowledge of that suspension.

Her ***Birchfield*** argument similarly fails. Contrary to her contention, she was not "penalized for refusing" to submit to a chemical test, she was penalized for driving while her license was suspended. The criminalized conduct here was her violation of the civil penalty that resulted from her refusal, not the refusal itself. Thus, ***Birchfield*** has no applicability here. ***See Commonwealth v. Isadore***, 307 A.3d 677, at *3 (Pa. Super. 2023) (non-precedential decision) (rejecting defendant's claim that section 1543(b)(1)(i) unconstitutionally criminalizes his earlier refusal to submit to a warrantless blood draw; although "the punishment he received was based upon the reason his operating privileges were suspended," this Court was not aware of any legal authority invalidating an implied consent scheme in which a blood test refusal leads to a suspension of operating privileges and criminal punishment attaches to operation of motor vehicle by a motorist whose driving privilege was validly suspended pursuant to an implied consent law).

To the extent Riley purports to challenge the constitutionality of section 1543(a) on this basis, she failed to preserve the issue before the trial court or present a cogent argument in support thereof on appeal, rendering it waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); ***see also Commonwealth v.***

- 16 -

*Cline*, 177 A.3d 922, 927 (Pa. Super. 2017) (even claims of the constitutional dimension are subject to waiver).

### Conclusion

The Commonwealth established the necessary elements to convict Riley pursuant to section 1543(b)(1)(iii), and the trial court imposed the correct mandatory sentence.  We therefore affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/7/2026